NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JULIO ARRESCURRENAGA; et al.,

Petitioners,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 07-70967

Agency Nos.  A075-540-994
A075-540-995
A075-540-996
A075-540-997

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 29, 2010[**]

Before:    ALARCÓN, LEAVY, and GRABER, Circuit Judges.

Julio Arrescurrenaga and Jacinta Malaver ("adult petitioners"), and their

children Carolina and Andrea, natives and citizens of Peru, petition for review of

the Board of Immigration Appeals' ("BIA") order affirming the immigration

judge's decision denying their applications for asylum and withholding of removal.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law and review for substantial evidence the agency's factual findings. *See Cruz-Navarro v. INS*, 232 F.3d 1024, 1028 (9th Cir. 2000). We deny in part and grant in part the petition for review.

The BIA found that adult petitioners had failed to establish past persecution because the attacks they suffered were inherent risks in their duties as police officers. The record does not compel the conclusion that adult petitioners suffered harm on account of their actual or imputed political opinion, or as members of a particular social group consisting of police officers. *See id.* at 1029-30. Substantial evidence also supports the BIA's finding that adult petitioners did not demonstrate an objective well-founded fear of future persecution based on their status as former police officers. *See INS v. Elias-Zacharias*, 502 U.S. 478, 482-83 (1992); *see also Chanco v. INS*, 82 F.3d 298, 303 (9th Cir, 1996) (former military officer did not meet burden of showing a likelihood of being singled out for persecution).

Jacinta, Andrea, and Carolina argued to the BIA that they suffered past persecution and have a well-founded fear of future persecution on account of their membership in the particular social group of their family. The BIA, however, did not address their claims. Accordingly, we grant the petition with respect to

Jacinta's, Andrea's, and Carolina's claims based on membership in the social group of their family and remand for the BIA to address these claims in the first instance. *See Sagadyak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005) ("the BIA [is] not free to ignore arguments raised by a petitioner"); *see also INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam). We also grant the petition and remand as to Carolina's claim that she is eligible for humanitarian asylum relief under 8 C.F.R. § 1208.13(b)(1)(iii)(B) due to her growth hormone deficiency because the BIA also failed to address this claim. *See Sagadyak*, 405 F.3d at 1040; *see also Ventura*, 537 U.S. at 16-18.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED**.

Each party shall bear its own costs on appeal.

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JULIO ARRESCURRENAGA; et al., | No. 07-70967 |
| Petitioners, | Agency Nos. A075-540-994 |
| v. | A075-540-995 |
| | A075-540-996 |
| ERIC H. HOLDER, Jr., Attorney General, | A075-540-997 |
| Respondent. | ORDER |

Before:     ALARCÓN, LEAVY, and GRABER, Circuit Judges.

We grant the government's unopposed motion for an extension of time and have considered the government's response to the petition for rehearing filed on January 25, 2011.

The petition for panel rehearing is granted and the memorandum disposition filed on July 7, 2010, is withdrawn.  A replacement memorandum disposition is being filed concurrently with this order.

Any further petition for panel rehearing may be filed within 45 days of the filing of this order.